IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03122-GPG

LINDSAY HARDING,

    Plaintiff,

v.

COLORADO, and
SCOTT GESSLER, In his Official Capacity,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff Lindsay Harding is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Buena Vista Correctional Facility in Buena Vista, Colorado. He initiated this action by filing *pro se* a Prisoner Complaint alleging a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1391(b)(2). Plaintiff also requested leave to proceed pursuant to 28 U.S.C. §1915, which was granted on November 20, 2014. Plaintiff then filed an Amended Complaint on January 8, 2015.

In Claim One, Plaintiff asserts that he is a qualified voter because on June 28, 2013, the Colorado Court of Appeals reversed his felony conviction and sentence. Plaintiff further alleges that Defendant Gessler violated his Fourteenth and Fifteenth Amendment rights when he failed to respond to Plaintiff's request for voter registration forms and as a result Plaintiff was precluded from voting in violation of 52 U.S.C. § 10101(a)(1). Plaintiff further asserts that his equal protection rights were violated because Defendant Gessler sent registration forms to pretrial detainees and to persons

confined in the state mental institution, but has precluded Plaintiff because he previously was subject to a felony. In Claim Two, Plaintiff asserts that Colo. Rev. Stat. § 1-2-103(4) and (5) violates the Fourteenth Amendment and is preempted by 52 U.S.C. § 10101.

Magistrate Judge Gordon P. Gallagher reviewed the Amended Complaint, found that Plaintiff is serving six sentences, three of which are twenty-four years to life, and directed Plaintiff to respond and show cause why his conviction and sentences are not for felony offenses. Plaintiff was told that if he failed to comply and show cause within the time allowed the Court would proceed to review the merits of his claims based on the finding that the conviction and sentences are for felony offenses. Plaintiff now has failed to respond to the Order to Show Cause within the time allowed. The Court, therefore, will review the merits of Plaintiff's claims based on the finding that he has been convicted of and his sentences are for felony offenses.

In *Richardson v. Ramirez*, 418 U.S. 24, 54-55 (1974), the Supreme Court stated that "the exclusion of felons from the vote has an affirmative sanction in § 2 of the Fourteenth Amendment, " and that,

> [section 1 of the Fourteenth Amendment] , in dealing with voting rights as it does, could not have been meant to bar outright a form of disenfranchisement which was expressly exempted from the less drastic sanction of reduced representation which § 2 for other forms of disenfranchisement.

Also, in *Roamer v. Evans*, 517 U.S. 620, 634 (1996), the Supreme Court cited *Richardson* for the proposition that "a convicted felon may be denied the right to vote."

Furthermore, like the plaintiff in *Woodruff v. Wyoming*, 49 F. App'x 199, 203 (10th Cir. 2002), Plaintiff does not allege that he is part of any suspect class. He alleges only

that § 1-2-103(4) and (5) causes unfair treatment to inmates. It is well-settled, however, that prisoners do not constitute a suspect class. *See Carson v. Johnson*, 112 F.3d 818, 821—22 (5th Cir.1997). As such, § 106 could only violate the Equal Protection Clause if it bears no rational relationship to a legitimate state interest. *See McGowan v. Maryland*, 366 U.S. 420, 425–26 (1961). The interest of a state in disenfranchising convicted felons was discussed in *Richardson*, as well as in a number of circuit decisions. *See Richardson*, 418 U.S. at 52—54; *Baker v. Cuomo*, 58 F.3d 814, 819–22 (2d Cir. 1995), vacated in part on other grounds, *Baker v. Padauk*, 85 F.3d 919 (2d Cir. 1996) (en banc); *Wesley v. Collins*, 791 F.2d 1255, 1261—62 (6th Cir. 1986); *Owens v. Barnes*, 711 F.2d 25, 26—28 (3d Cir. 1983); *Green v. Bd. of Elections*, 380 F.2d 445 (2d Cir. 1967). As Judge Friendly noted in Green,

> [It can scarcely be deemed unreasonable for a state to decide that perpetrators of serious crimes shall not take part in electing the legislators who make the laws, the executives who enforce these, the prosecutors who must try them for further violations, or the judges who are to consider their cases.

*Id.* at 451. Because Plaintiff has been convicted of and is serving sentences for felony offenses, he fails to assert a violation of his federal constitutional rights in being denied the ability to vote. The Court, therefore, will dismiss Plaintiff's Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court also finds that Defendant Colorado, which the Court construes as the State of Colorado, is an improper party to this action. Any claim against the State of Colorado is barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation

of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, but a claim for prospective relief is asserted against individual state officers. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  18th  day of     March     , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court