IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03122-LTB

LINDSAY HARDING,

    Plaintiff,

v.

COLORADO, and
SCOTT GESSLER, In his Official Capacity,

    Defendants.

## ORDER

Plaintiff Lindsay Harding filed a "Declaration and Response to Courts Order to Show Cause," ECF No. 15, on March 26, 2015, that is signed and dated March 2, 2015. Plaintiff also filed a "Motion to Stay Order Dated March 18th, 2015," ECF No. 16, that is signed and dated March 24, 2015.  This action was dismissed because Plaintiff failed, within the time allowed, to respond and address the Court's finding, based on the Colorado Department of Correction's website, that he currently is serving six sentences for felony offenses, he has an estimated parole eligibility date of October 8, 2080, and as a convicted felon the denial of his ability to vote does not state a violation of his constitutional rights.  Plaintiff now disputes the Court's findings and asks that the Court stay the March 18, 2015 Order that dismisses this action.

    The Court must construe the request liberally because Plaintiff is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not act as Plaintiff's advocate.  See *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

The Court, therefore, will construe both the Response and the Motion to Stay as a Motion to Reconsider filed pursuant to Rule 59(e) and grant the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Plaintiff's request reconsider the March 18, 2015 dismissal was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Colorado Court of Appeals' order, entered on June 27, 2013, *see State of Colo. v. Harding*, No. 10CA1584 (Colo. App. June 27, 2013), reversed and remanded Plaintiff's conviction of three counts of sexual assault and three counts of incest for a new trial. The Motion to Reconsider will be granted. Accordingly, it is

ORDERED that the Response, ECF No. 15, and the Motion to Stay, ECF No. 16, are construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e), which is granted. It is

FURTHER ORDERED that the Order of Dismissal and the Judgment, both filed on March 18, 2015, are vacated. It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the Pro Se Docket.

DATED at Denver, Colorado, this 31st day of March, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court