IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03122-GPG

LINDSAY HARDING,

    Plaintiff,

v.

COLORADO, and
SCOTT GESSLER, In his Official Capacity,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff Lindsay Harding is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Buena Vista Correctional Facility in Buena Vista, Colorado.  He initiated this action by filing *pro se* a Prisoner Complaint alleging a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1391(b)(2).  Plaintiff also requested leave to proceed pursuant to 28 U.S.C. §1915, which was granted on November 20, 2014.  Plaintiff then filed an Amended Complaint on January 8, 2015.

    In Claim One, Plaintiff asserts that he is a qualified voter because on June 28, 2013, the Colorado Court of Appeals reversed his felony conviction and sentence. Plaintiff further alleges that Defendant Gessler violated his Fourteenth and Fifteenth Amendment rights when he failed to respond to Plaintiff's request for voter registration forms, after the reversal of his conviction, and as a result Plaintiff was precluded from voting in violation of 52 U.S.C. § 10101(a)(1).  Plaintiff further asserts that his equal protection rights were violated because Defendant Gessler sent registration forms to

pretrial detainees and to persons confined in the state mental institution, but has precluded Plaintiff. In Claim Two, Plaintiff asserts that Colo. Rev. Stat. § 1-2-103(4) and (5) violates the Fourteenth Amendment and is preempted by 52 U.S.C. § 10101.

Magistrate Judge Gordon P. Gallagher reviewed the Amended Complaint, found that pursuant to the Colorado Department of Corrections website Plaintiff is serving six sentences, three of which are twenty-four years to life, and directed Plaintiff to respond and show cause why his conviction and sentences are not for felony offenses. Plaintiff was told that if he failed to comply and show cause within the time allowed the Court would proceed to review the merits of his claims based on the finding that the conviction and sentences are for felony offenses. Plaintiff failed to respond to the Order to Show Cause within the time allowed and the Court dismissed the action because Plaintiff had been convicted of and his sentences are for felony offenses.

Plaintiff then filed a Response and a Motion to Stay that included a copy of the Colorado Court of Appeals order, *State of Colo. v. Harding*, No. 10CA1584 (Colo. App. June 27, 2013), that reversed his conviction remanded the case to the trial court for a new trial. The Court construed the Response and Motion to Stay as a Fed. R. Civ. P. 59(e) Motion to Reconsider and granted the Motion. The Court now will dismiss the action in part for the reasons stated below and order the action drawn in part to a presiding judge and when applicable to a magistrate judge.

The State of Colorado, is an improper party to this action. Any claim against the State of Colorado is barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in

federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, but a claim for prospective relief is asserted against individual state officers. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). The State of Colorado, therefore, will be dismissed as an improper party to this action. Accordingly, it is

ORDERED that Defendant State of Colorado is dismissed as an improper party to this action. It is

FURTHER ORDERED that the claims asserted against Defendant Scott Gessler are ordered drawn to a presiding judge and when applicable to a magistrate judge.

DATED at Denver, Colorado, this  31st  day of     March       , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court