IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03122-MSK-MJW

LINDSAY HARDING,

Plaintiff(s),

v.

SCOTT GESSLER, in his official capacity,

Defendant(s).

## RECOMMENDATION
## THAT THIS ACTION BE DISMISSED *SUA SPONTE* PURSUANT TO
## 28 U.S.C. § 1915(e)(2)(B)(ii)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was referred to this court pursuant to an Order Referring Case issued by Chief Judge Marcia S. Krieger on April 13, 2015. (Docket No. 26).

Plaintiff Lindsay Harding is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Buena Vista Correctional Facility in Buena Vista, Colorado. He initiated this action by filing *pro se* a Prisoner Complaint alleging a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1391(b)(2). (Docket No. 1). Plaintiff also requested leave to proceed pursuant to 28 U.S.C. § 1915 (Docket Nos. 2 and 5), which was granted on December 5, 2014. (Docket No. 6). Plaintiff then filed an Amended Complaint on January 8, 2015. (Docket No. 9).

In Claim One of the Amended Complaint, plaintiff asserts that he is a qualified voter because on June 28, 2013, the Colorado Court of Appeals reversed his felony

conviction and sentence. Plaintiff further alleges that defendant Gessler, then Colorado Secretary of State, violated plaintiff's Fourteenth and Fifteenth Amendment rights when he failed to respond to plaintiff's request for voter registration forms and as a result plaintiff was precluded from voting in the 2014 elections in violation of 52 U.S.C. § 10101(a)(1). Plaintiff further asserts that his equal protection rights were violated because Gessler sent registration forms to pretrial detainees and to persons confined in the state mental institution, but has precluded plaintiff because he previously was subject to a felony. In Claim Two, Plaintiff asserts that Colo. Rev. Stat. § 1-2-103(4) and (5) violates the Fourteenth Amendment and is preempted by 52 U.S.C. § 10101.

In an Order to Show Cause, entered by Magistrate Judge Gordon P. Gallagher on February 6, 2015, plaintiff was directed to respond as to why his conviction is not for a felony offense and the sentences he is serving are not felonies. (Docket No. 10). Judge Gallagher noted that for purposes of plaintiff's Fourteenth Amendment claim, plaintiff asserts that his conviction and sentence were reversed on appeal, and he is not a convicted felon or serving a sentence for a felony offense. (Docket No. 10 at 1-2). In addition, it was noted that plaintiff was incarcerated at the Buena Vista Correctional Complex and is serving six sentences (three of which are twenty-four years to life), with an estimated parole eligibility date of October 8, 2080 (Docket No. 10, citing http://www.doc.state.co.us/oss/).

Plaintiff did not timely respond to that Order to Show Cause, and Judge Lewis T. Babcock dismissed this action on March 18, 2015. (Docket No. 13). Plaintiff, however, subsequently belatedly file a "Declaration and Response to Courts Order to Show Cause" (Docket No. 15) and a motion to stay the dismissal order (Docket No. 16).

3

Plaintiff provided the court with a copy of the Order by the Colorado Court of Appeals, State of Colo. v. Harding, No. 10CA1584 (Colo. App. June 27, 2013), that reversed his conviction and remanded the case to the trial court for a new trial. Judge Babcock construed plaintiff's filings as a motion to reconsider. Ultimately, the March 18, 2015, dismissal order was vacated, defendant State of Colorado was dismissed as an improper party, and the claims asserted against defendant Gessler were ordered drawn to a presiding judge, and when applicable to a magistrate judge. (Docket No. 21). The case was then reassigned to Chief Judge Krieger and the undersigned.

Upon review of the file, the undersigned had the same concern previously raised by Magistrate Judge Gallagher regarding whether plaintiff is now serving a sentence for a felony conviction. The court thus obtained copies of and takes judicial notice of the Register of Actions from the court in Arapahoe County (case no. 09CR1352) and the Colorado Supreme Court (case no. 13SC582). From those documents the court has discovered that on April 28, 2014, the Colorado Supreme Court granted a petition for writ of certiorari, State of Colo. v. Harding, No. 13SC582 (Colo. Apr. 28, 2014), and the answer brief is due on June 11, 2015. Consequently, a Mandate has not been issued by the Colorado Court of Appeals, plaintiff's conviction and sentence have not been vacated, and plaintiff is still under the imposition of a sentence for his felony convictions and was so during the 2014 elections.

As previously stated by Judge Babcock, in Richardson v. Ramirez, 418 U.S. 24, 54-55 (1974), the Supreme Court stated that "the exclusion of felons from the vote has an affirmative sanction in § 2 of the Fourteenth Amendment, " and that, section 1 of the Fourteenth Amendment, "in dealing with voting rights as it does, could not have been

meant to bar outright a form of disenfranchisement which was expressly exempted from the less drastic sanction of reduced representation which § 2 for other forms of disenfranchisement." Id.  Also, in Romer v. Evans, 517 U.S. 620, 634 (1996), the Supreme Court cited Richardson for the proposition that "a convicted felon may be denied the right to vote."

Furthermore, like the plaintiff in Woodruff v. Wyoming, 49 Fed. App'x 199, 203 (10th Cir. 2002), plaintiff does not allege that he is part of any suspect class.  He alleges only that § 1-2-103(4) and (5) causes unfair treatment to inmates.  It is well-settled, however, that prisoners do not constitute a suspect class.  See Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir.1997).  As such, § 106 could violate the Equal Protection Clause only if it bears no rational relationship to a legitimate state interest.  See McGowan v. Maryland, 366 U.S. 420, 425–26 (1961).  The interest of a state in disenfranchising convicted felons was discussed in Richardson, as well as in a number of circuit decisions.  See Richardson, 418 U.S. at 52-54; Baker v. Cuomo, 58 F.3d 814, 819–22 (2d Cir. 1995), vacated in part on other grounds, Baker v. Pataki, 85 F.3d 919 (2d Cir. 1996) (en banc); Wesley v. Collins, 791 F.2d 1255, 1261-62 (6th Cir. 1986); Owens v. Barnes, 711 F.2d 25, 26-28 (3d Cir. 1983); Green v. Board of Elections, 380 F.2d 445 (2d Cir. 1967). As Judge Friendly noted in Green, "it can scarcely be deemed unreasonable for a state to decide that perpetrators of serious crimes shall not take part in electing the legislators who make the laws, the executives who enforce these, the prosecutors who must try them for further violations, or the judges who are to consider their cases." Id. at 451.  Because Plaintiff has been convicted of and is serving sentences for felony offenses, and was so at the time of the 2014 elections, he fails to

assert a violation of his federal constitutional rights in being denied the ability to vote.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Amended Complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  If this recommendation is granted, then it is further

**RECOMMENDED** that the pending motions (Docket Nos. 25 - Plaintiffs' [sic] Motion Objecting to And Request for the Court to Vacate Order/Doc.21,Dated March 31st,2015 (In Part), and 33 - Plaintiffs' [sic] Motion Requesting An Order of Substitution by the Court for Scott Gessler Pursuant to Fed.R.Civ.P.25(d)(1) and Fed.R.App.P.43(c)(2)) be denied as moot.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  May 22, 2015                     s/ Michael J. Watanabe  
       Denver, Colorado                   Michael J. Watanabe  
                                                  United States Magistrate Judge